UNITED STATES of America, Appellee,

v.

Jerry JARRETT a/k/a "Pappy," Appellant.

No. 91–2471.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 29, 1992.

Decided Feb. 13, 1992.

Bennett S. Nolan, Fort Smith, Ark., argued, for appellant.

Matthew W. Fleming, Fort Smith, Ark., argued (J. Michael Fitzhugh and Matthew W. Fleming, on brief), for appellee.

Before ARNOLD, Chief Judge, JOHN R. GIBSON and MAGILL, Circuit Judges.

ARNOLD, Chief Judge.

Jerry Jarrett was convicted of three counts of knowingly transporting minors and two counts of knowingly transporting adults in interstate commerce with the intent that they engage in prostitution, in violation of 18 U.S.C. §§ 2421 and 2423. At sentencing, the District Court found that the defendant deserved a four-level enhancement under U.S.S.G. § 3B1.1(a), because he was the leader of a criminal activity which involved five or more participants. As a result, Jarrett had a total offense level of 26. With a criminal-history category of III, his sentencing range was 78 to 97 months. The District Court sentenced the appellant to 78 months in prison. On appeal, defendant raises two arguments against his conviction and one against his

sentence. We affirm the conviction, but we reverse the sentence and remand for further proceedings.

## I.

Jarrett's first argument focuses on comments the trial judge made during the cross-examination of one of the government's witnesses, Shelley Harp. The following colloquy occurred:

Q [Appellant's Attorney]: Let me show you this document. It might help you refresh your memory. Review that for me, and tell me if that's the statement that you gave me in my office.

THE COURT: I think you all simply aren't communicating. What he's trying to get at is what did you tell him was the reason you—

A: The reason why—

THE COURT:—said what you said to the grand jury. What did you tell Mr. Nolan [appellant's attorney] was the reason that you said that?

A: Only thing I can, you know, really remember is that I said something about he—that me and my boyfriend had got into a fight, and something about he had saw it—Pappy had saw it, but he would not help me.

THE COURT: All right. And that was your motive for revenge. That's what caused you to want to get revenge.

A: That's what I told him that that—

THE COURT: I know that didn't really happen, but that's what you told him; right?

A: Right.

THE COURT: I know you said that really didn't happen. Okay.

Q [Appellant's Attorney]: Okay. That's what you told me as to the reason why you told the grand jury what you did?

A: Right.

Transcript 110.

Defendant argues that these statements amounted to an unfair comment on the evidence by the trial judge. Defense counsel's goal during his cross-examination of Ms. Harp was to show that she was not a

credible witness. To that end, counsel was trying to show that, in addition to the grand jury statement and the current testimony which Ms. Harp had given, she had made "oral, written, and recorded statements that she lied to the grand jury and that she and Jerry Jarrett never made a trip to Dallas as alleged in the indictment." Brief of Appellant 7. Defendant claims that the trial judge prejudiced his case by placing a stamp of approval on the statements made by Ms. Harp to the grand jury and at trial.

"The trial court has broad discretion in commenting on the evidence." *United States v. White,* 671 F.2d 1126, 1130 (8th Cir.1982). So long as the comments are impartial, the trial judge may comment on the evidence to give needed assistance to the jury. *Id.* "[The trial judge] has the prerogative, and at times the duty, of eliciting facts he deems necessary to the clear presentation of the issues. To this end, he may examine witnesses who testify, so long as he preserves an attitude of impartiality and guards against giving the jury an impression that the court believes the defendant is guilty." *United States v. Woods,* 696 F.2d 566, 571 (8th Cir.1982).

In the present case, it is clear that the trial judge did not cross over the line of impartiality when he made the disputed comments. As the transcript reveals, at the time the comments were made, the witness was becoming confused. *Id.* at 107–10. When the trial judge interjected a comment during cross-examination, he was merely attempting to clarify the exchange between the witness and the defense attorney. This is entirely permissible. *Woods,* 696 F.2d at 571. The District Court did not mean to say that the witness's grand-jury testimony was not motivated by a desire for revenge. It said only—and we think this was clear to the jury from the context of the whole colloquy—that the witness *said* her grand-jury testimony had not been so motivated. In addition, when the defendant moved for a mistrial based on the trial judge's actions,[1] the judge offered to in-

struct the jury, at that time, that any comments made by him regarding the credibility of a witness should be disregarded. The defendant, however, declined this invitation to have such an instruction read to the jury upon their return, and instead chose to have the instruction given at the end of the trial with the rest of the jury instructions. Transcript 125–26, 279.

We hold that the District Court committed no error in connection with this incident.

## II.

The second claim of error focuses on the testimony given by three government witnesses to the effect that Jarrett had approached each of them seeking to secure their services as prostitutes in his employ. The appellant complains that this evidence violated Fed.R.Evid. 404(b), which prohibits the use of evidence of other acts for the purpose of proving a propensity to commit the crime charged. The appellant contends that the testimony of Christy Chobot, Calandra Covin, and Carrie Nguyen unduly prejudiced him because it was used to show that because he had solicited these women to work for him as prostitutes, it was more likely than not that he had acted in conformity with these actions when he attempted to recruit the women involved in the present charges. In addition, he also maintains that the acts which these witnesses testified to were too remote in time from the allegations contained in the indictment to be admissible.

Jarrett correctly concedes that the prior-acts evidence which he complains of can be used for purposes other than to prove propensity, such as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident." Brief of Appellant 12. Such use is expressly permitted by Rule 404(b). It is the government's position that the evidence was used to show that the appellant had committed the acts listed in the indictment

1. The motion for a mistrial was not made during the cross-examination of the witness or at the time of the trial judge's statement, but was instead made during a subsequent recess. We assume for present purposes that this was a sufficient preservation of the point.

with the intent required by the statute. We agree with the government and hold that this evidence was properly admitted.

"The trial court is vested with broad discretion in deciding whether to admit wrongful act evidence, and its discretion to admit such evidence will be overturned only when the challenged evidence has no bearing on any issue involved." *United States v. Lanier*, 838 F.2d 281, 285 (8th Cir.1988). The evidence must be, however, "relevant to a material issue other than character, subject to proof by preponderance of the evidence, more probative than prejudicial, and similar in kind and close in time to the crime charged." *United States v. Kandiel*, 865 F.2d 967, 972–73 (8th Cir. 1989).

The evidence in this case meets these criteria. All three witnesses testified to acts committed by the defendant which closely paralleled those for which he was on trial. These acts all occurred within two years of the crimes charged. In order to convict the appellant, the government had to show that he "knowingly transported" these women across state lines with "the intent" that they commit acts of prostitution. Both his intent and his knowledge were thus called into question. Under Rule 404(b), similar-acts evidence may be used to show intent and knowledge. Therefore, its use in this particular case is permitted, provided that this evidence is not more prejudicial than probative. Fed. R.Evid. 403. In addressing that argument, "this court has expressly held that, in order to establish the intent required for a Mann Act violation, the prosecution may admit into evidence testimony that the defendant had solicited girls on prior occasions." *United States v. Drury*, 582 F.2d 1181, 1184–85 (8th Cir.1978). As a result, we find that the trial judge did not abuse his discretion by allowing the government to introduce this similar-acts evidence.

### III.

■ Besides contesting his conviction, Jarrett assails the increase of his offense level by four under U.S.S.G. § 3B1.1(a). That section states: "If the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive, increase [his sentence] by four levels." Jarrett contends that the only participant in his crimes was himself. The minors and women he transported, he argues, cannot be counted as participants. We agree.

The Presentence Report, paragraph 17, describes the defendant as "an organizer and leader of a criminal activity that involved at least five participants." The number apparently includes Jarrett himself, three minors, and a woman. Jarrett was convicted of three counts of transporting under-age females to work as prostitutes. Each of these counts involved a named person under 18. He was also convicted of two counts of transporting a woman. Both of these counts involved the same person.

In his objections to the Presentence Report, Jarrett cited the commentary to § 3B1.1, Note 1, as defining a participant "as a person who is criminally responsible for the commission of the offense...." Only Jarrett, he argued, was engaged in the act of transporting. The minors and the woman in question were the individuals being transported. They did not do any transporting themselves. Addendum to Presentence Report 3. The probation office's reply to this objection was, in substance, that the females transported were "criminally responsible," because prostitution is a crime in Arkansas as well as in the states to which they were transported. *Id.* at 4.

The District Court carefully and patiently considered all of the objections of defendant to the Presentence Report, including this one. One of the Assistant United States Attorneys in the case, asked by the Court for comment, had "nothing substantive that [he could] offer in that area. Obviously [the Probation Officer is] the expert in the area of the pre-sentence reports and the area of the guidelines." Sentencing Transcript 15. At that point the Court, though observing that the question was one about which reasonable judges could differ, upheld the position taken by the

Probation Office in the Presentence Report.[2]

We believe this was error. Application Note 1 to § 3B1.1 states: "A 'participant' is a person who is criminally responsible for the commission of the offense but need not have been convicted. A person who is not criminally responsible for the commission of the offense (*e.g.*, an undercover law enforcement officer) is not a participant." Application Note 4 to § 2G1.1 of the Sentencing Guidelines particularizes this standard in the context of violations of 18 U.S.C. § 2421 (transportation of adults). This Note states: "For the purposes of § 3B1.1(a) (Aggravating Role), the persons transported are considered participants only if they assisted in the unlawful transportation of others." Section 2G1.2, the Guideline provision which applies to violations of 18 U.S.C. § 2423 (transportation of minors), contains no such express statement, but it does refer to the persons transported as "victim[s]," a description inconsistent with their also being "participants."

The persons transported, therefore, cannot be counted as participants unless "they assisted in the unlawful transportation of others." The fact that they themselves were transported does not make them participants. Neither does the fact that their conduct was a violation of some other law, for example, a state law against prostitution. The District Court made no finding, nor was one requested, that the females transported assisted in the unlawful transportation of others. Therefore, there can at most have been two participants in these offenses: Jarrett and another man who has not been named. The requisite number of five cannot be reached without counting the minors and the woman transported, and this would be a violation of Application Note 4 to § 2G1.1 and Application Note 1 to Section 2G1.2. Accordingly, the government's theory that this was a criminal activity involving five or more participants is not viable. This four-level enhancement for role in the offense should not have been imposed.[3]

## IV.

The District Court did not err when it commented on the appellant's cross-examination of one of the government's witnesses. Such comment is permitted by our Circuit, in the absence of a loss of impartiality, and we find that the District Judge did not abuse his discretion when he exercised this right. We also find no abuse of discretion in the admission of similar-acts evidence under Rule 404(b). This evidence was clearly relevant and was not more prejudicial than probative. Thus, the appellant's conviction is affirmed.

We must, however, remand this case for re-sentencing. The District Court erred in enhancing the appellant's sentence by four levels under U.S.S.G. § 3B1.1(a). On remand, the total offense level will be 22, instead of 26. The criminal-history category will still be III. The sentencing range will be 51 to 63 months. The District Court will resentence defendant within this range.

It is so ordered.

---

2. In addition to taking the legal position that the females transported were all "participants," the Probation Office, in its response to the defense objection, referred to § 1B1.3, which includes in relevant conduct all acts aided and abetted by the defendant, or for which the defendant would be otherwise accountable. It also observed that "the total offense conduct represents ongoing continuing criminal enterprise orchestrated by the defendant." Addendum to Presentence Report 4. The District Court made no findings to flesh out these general propositions. We take it that the District Court's action was based upon its view, as a matter of law, that the females transported were "participants." This is the proposition of law discussed in text. In addition, it should be noted that the four-level increase can be applied if the defendant "was an organizer or leader of a criminal activity that ... was otherwise extensive...." The District Court made no finding, and none was requested, as to this "otherwise extensive" alternative.

3. In addition, we have traditionally viewed women involved in this sort of activity as victims rather than accomplices. *United States v. Love,* 592 F.2d 1022, 1025 (8th Cir.1979).