994 F.2d 844
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
James L. KELLETT, Appellant.
 No. 92-3208.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 13, 1993.
Filed: May 13, 1993.
 
 Before WOLLMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.
 PER CURIAM.
 
 
 1
 James L. Kellett appeals the thirty-seven-month sentence imposed by the district court following his guilty pleas to charges of mail and wire fraud and interstate transportation of stolen property. Both Kellett and the government maintain that the district court erroneously imposed a four-level leadership increase under U.S.S.G. § 3B1.1(a). We vacate the sentence and remand for resentencing without the increase.
 
 
 2
 From 1968 to 1990, Kellett operated the James L. Kellett Company, a Missouri corporation engaged in the business of buying and selling bulk storage tanks in Sikeston, Missouri. He began to defraud his customers in 1984 or 1985. He placed advertisements in national trade magazines offering to buy and sell bulk storage tanks. When customers responded with purchase orders, they were instructed to make advance payments by mail or wire. Kellett would accept the payments but refuse to deliver the tanks. On other occasions, Kellett would agree to buy tanks, take possession of them, and then withhold payment. During the course of the offenses, Kellett utilized a number of banks and wire companies and the services of his employees. His victims included businesses throughout the United States. On October 18, 1990, a grand jury returned an eighteen-count indictment against Kellett, charging him and his company with mail and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343, and interstate transportation of stolen goods, in violation of 18 U.S.C. § 2314. Pursuant to a plea agreement, Kellett pleaded guilty to two counts of mail fraud, four counts of wire fraud, and one count of interstate transportation of stolen goods.
 
 
 3
 The presentence report (PSR) calculated Kellett's total offense level as 19 and his sentencing range as 30 to 37 months. The PSR included within its calculation a two-level increase under U.S.S.G. § 2F1.1(b)(2), for more than minimal planning and because the offense involved a scheme to defraud more than one victim, and a four-level increase under section 3B1.1(a), concluding that Kellett was an organizer or leader of criminal activity that was "otherwise extensive."
 
 
 4
 Kellett objected to the section 3B1.1(a) increase, arguing that it was inapplicable because he was the only "participant" in the offenses. He also contended that imposing the leadership increase because of the extensive nature of criminal activity and the more-than-minimal-planning increase for the same reason constituted cumulative punishment. The government maintained that the leadership increase applied because the fraud was so extensive and because Kellett had stipulated that eight or nine of his employees had helped carry out the scheme. The government stated that if the court was not satisfied with the record regarding the participation of others, it could produce additional evidence following a recess.
 
 
 5
 The district court rejected Kellett's arguments. The court ruled that section 3B1.1(a) allowed for the increase even if only one criminally responsible person was involved in the fraud, as long as the scheme was otherwise extensive. The court noted that although Kellett used a number of his employees to help implement his scam, they probably "had no particular knowledge as to precisely what was happening." The court also concluded that application of the more-than-minimal-planning increase and the leadership increase did not amount to cumulative punishment.
 
 
 6
 On appeal, Kellett and the government agree that the district court erred by applying section 3B1.1(a). Kellett also argues that imposing the more-than-minimal-planning increase and the leadership increase constituted cumulative punishment. The government maintains that, on remand, it ought to be allowed to present evidence to prove that there were other participants in the fraud.
 
 
 7
 Section 3B1.1(a) provides for a four-level increase "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." A section 3B1.1 adjustment may apply "[w]hen an offense is committed by more than one participant." U.S.S.G. Ch.3, Pt.B, intro. comment. The commentary defines "participant" as "a person who is criminally responsible for the commission of the offense, but need not have been convicted. A person who is not criminally responsible for the commission of the offense (e.g., an undercover law enforcement officer) is not a participant." U.S.S.G. § 3B1.1, comment. (n.1). Thus, several circuits have held that "enhancement pursuant to § 3B1.1 requires the participation of at least two culpable individuals." United States v. Carroll, 893 F.2d 1502, 1509 (6th Cir. 1990); see also United States v. Katora, 981 F.2d 1398, 1402 (3d Cir. 1992) (application of section 3B1.1 requires multiple criminally responsible participants); United States v. Anderson, 942 F.2d 606, 617 (9th Cir. 1991) (en banc) (section 3B1.1 only applies when offense is committed by more than one criminally responsible participant); United States v. DeCicco, 899 F.2d 1531, 1535 (7th Cir. 1990) (same).
 
 
 8
 Applying this reasoning, we reversed a section 3B1.1(a) increase in United States v. Jarrett, 956 F.2d 864, 867-68 (8th Cir. 1992). The defendant had been convicted of transporting women and minor females for the purpose of prostitution. We held that section 3B1.1(a) did not apply because the women the defendant transported were not participants in the offense. Id. at 868. Similarly, in United States v. Rowley, 975 F.2d 1357, 1364-65 (8th Cir. 1992), we reversed a section 3B1.1(c) increase imposed on a defendant who had been convicted of conspiring to manufacture marijuana because there was no evidence that he had controlled other participants or had organized others for the purpose of carrying out the offense. We observed that the enhancement does not apply when the defendant is the sole participant in the offense "regardless of how extensive the operation was." Id. at n.6. Accordingly, we agree with Kellett and the government that the district court erred by concluding it could apply the increase because the fraud was "otherwise extensive," even though Kellett was the only "participant" in it.
 
 
 9
 The government argues that, on remand, it should be allowed to produce evidence to show that there were other participants in the fraud scheme. Kellett correctly points out that the government had the burden of producing this evidence at the first sentencing hearing and argues that it should not have a second chance to do so. We agree with Kellett, and we remand to the district court for resentencing without the section 3B1.1(a) increase. See Rowley, 975 F.2d at 1365. In view of our disposition, we need not address Kellett's argument that increasing his offense level under section 3B1.1(a), and for more than minimal planning pursuant to section 2F1. 1(b)(2), constitutes cumulative punishment.
 
 
 10
 Accordingly, the sentence is vacated, and the case is remanded for resentencing without the four-level section 3B1.1(a) increase.