9 F.3d 110
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donnie Lee PIERCE, Sr., Defendant-Appellant.
 No. 92-6682.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1993.
 
 Before: MILBURN and NELSON, Circuit Judges, and GILMORE, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Under 18 U.S.C. Sec. 2241(c), which governs conduct at places within the special maritime and territorial jurisdiction of the United States, it is a federal crime for a person knowingly to engage in a "sexual act," as defined in 18 U.S.C. Sec. 2245(2), with someone under 12 years of age. The defendant, who lived on a military reservation, went to trial on a 20-count superseding indictment charging him with having violated Sec. 2241(c) on various occasions during 1987 and 1988. The district court granted a motion to dismiss the first 19 counts, and a jury found the defendant guilty on the remaining count.
 
 
 2
 Appealing his conviction, the defendant contends (1) that the superseding indictment was the product of prosecutorial misconduct and vindictiveness and was legally insufficient in any event; (2) that the district court erred in allowing the government to present evidence of the defendant's prior bad acts and in declining to declare a mistrial when the prosecutor referred in his opening statement to prior uncharged misconduct; and (3) that the court erred in excluding evidence of self-abuse by the defendant's victim. Finding none of these contentions persuasive, we shall affirm the conviction.
 
 
 3
 * Both the original and superseding indictments charged the defendant, Donnie Lee Pierce, Sr., with sexually abusing his young daughter between February 11, 1987, and December 3, 1988. The girl was nine years old at the beginning of this period. Mr. Pierce, who was in the Navy at the time, lived with his family on the Millington Naval Air Station in Tennessee. The family had lived in non-Navy housing prior to February of 1987.
 
 
 4
 The original indictment contained a single count charging an indeterminate number of sexually abusive acts. Mr. Pierce challenged that indictment for vagueness and duplicity, whereupon the grand jury handed up the 20-count superseding indictment. Each of the first 19 counts charged a separate temporal act during a particular month, starting with February of 1987 and ending with August of 1988. The final count charged an act during the three-month period from September to December of 1988.
 
 
 5
 At the conclusion of the prosecution's case-in-chief, the district court dismissed counts 1 through 19. The jury returned a verdict of guilty on Count 20, and the court sentenced Mr. Pierce to imprisonment for 148 months. This appeal followed.
 
 II
 
 6
 * Mr. Pierce contends that the superseding indictment reflected prosecutorial misconduct and vindictiveness and should have been dismissed on that ground. But the superseding indictment was returned in response to the defense's own objections to the original indictment and to the district court's expression of concern about the temporal scope and vagueness of the original indictment. The approach taken in the superseding indictment was discussed at a hearing on the original motion to dismiss, and the defense voiced no significant concern about this approach at that time.
 
 
 7
 The superseding indictment was not the product of an impermissible desire to punish the defendant for exercising a constitutional right; the indictment was brought, rather, for the purpose of resolving the legal challenge to its predecessor. The heart of the initial challenge was duplicitousness--that is, charging separate offenses in a single count. Duplicitousness is not generally fatal to an indictment, see United States v. Duncan, 850 F.2d 1104, 1108 n. 4 (6th Cir.1988), and as long as the defendant has not been unfairly prejudiced, the government may correct such a defect by electing the basis upon which it will proceed.
 
 
 8
 When a defendant claims that "augmentation" of charges amounts to prosecutorial vindictiveness, the court must determine whether there is a "realistic likelihood of vindictiveness." United States v. Andrews, 633 F.2d 449, 456 (6th Cir.1980), cert. denied, 450 U.S. 927 (1981). In making this determination the court is required to consider the prosecutor's stake in deterring the exercise of a constitutional right and the prosecutor's actual conduct. Because of the evolving nature of many criminal prosecutions and their associated investigations, a court must be cautious in finding vindictiveness prior to trial. United States v. Goodwin, 457 U.S. 368, 381 (1982).
 
 
 9
 In the case at bar the young victim told of repeated but non-specific occurrences of sexual abuse over a number of years. Both the defendant and the court were concerned that the original indictment did not provide adequate notice of the timing of the offenses being charged. The record shows no realistic likelihood that the prosecutor acted out of vindictiveness in trying to have the alleged deficiency corrected.
 
 B
 
 10
 Rule 7(c)(1), Fed.R.Crim.P., requires that an indictment contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." An indictment is not legally sufficient if it fails to charge all the elements of the crime. United States v. Heller, 579 F.2d 990, 998-99 (6th Cir.1978).
 
 
 11
 The term "sexual act," as used in the statute under which defendant Pierce was charged, includes (1) genital/genital contact, (2) oral/genital contact, and (3) the "penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person." 18 U.S.C. Sec. 2245(2). Only the last of these three definitions of "sexual act" carries a requirement of specific intent. Mr. Pierce claims that the indictment is insufficient because it does not allege that he engaged in a proscribed act with the specific intent to "abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire" of the victim.
 
 
 12
 As the district court ruled, the kind of specific intent described above is not an essential part of the crime charged:
 
 
 13
 "In order to sustain a conviction, the government must show that the defendant knowingly engaged in a sexual act with another person who was under the age of twelve years. Section 2245 describes three distinct types of conduct each of which constitute a 'sexual act.' Since the definition is stated disjunctively, the government is not required to show that the defendant engaged in all three types--proof that he engaged in any one is sufficient to establish a sexual act." (Footnote omitted.)
 
 
 14
 Although specific intent is an element of digital penetration (Sec. 2245(2)(C)), an act that is not inherently sexual, see United States v. Demarrias, 876 F.2d 674, 676 (8th Cir.1989), specific intent need not be shown in connection with penile penetration (Sec. 2245(2)(A)), which is an inherently sexual act.
 
 
 15
 In his opening statement, moreover, the prosecutor specifically stated that "when I say sexually abuse, I mean sexual intercourse." The jury charge embodied only the Sec. 2245(2)(A) penile penetration definition of a "sexual act," which does not require an intent to abuse. If there was some initial uncertainty about the type of sexual act being charged, events at trial clearly resolved the uncertainty.
 
 C
 
 16
 Mr. Pierce contends that the district court erred in allowing the government to present evidence that he had sexually abused his daughter in off-base housing prior to the period covered by the indictment. The district court's handling of this issue is subject to review under an abuse-of-discretion standard.
 
 
 17
 In allowing the introduction of evidence of the defendant's prior bad acts, the district court noted that the prior acts, like the acts alleged in the indictment, took place when the defendant was alone at home with his daughter. Concluding that the evidence went to design or common plan or scheme, the court instructed the jury that the evidence could be considered only insofar as it might tend to show that the defendant "acted knowingly and with a common scheme, design or plan." See Rule 404(b), Fed.R.Evid., which allows the introduction of prior bad act evidence for these purposes as long as its probative value is not "substantially outweighed," in the words of Rule 403, "by the danger of unfair prejudice, confusion of the issues, or misleading the jury...."
 
 
 18
 Under the facts of this case, we cannot say that the district court abused its discretion in admitting evidence of the prior sexual abuse. As noted above, Sec. 2241(c) requires the government to prove that a defendant "knowingly" engaged in a sexual act with a person under 12 years of age; where a heightened state of mens rea is required for conviction, the defendant's state of mind is automatically at issue and evidence of similar acts is therefore relevant. See Huddleston v. United States, 485 U.S. 681, 685 (1988); United States v. Jarrett, 956 F.2d 864, 867 (8th Cir.1992).
 
 
 19
 The fact that defendant Pierce had repeatedly abused his daughter in similar situations tends to prove that the acts covered by the indictment were not merely fortuitous or accidental, but were undertaken by the defendant with full knowledge of their nature. The court properly instructed the jury not to consider the evidence as tending to establish that Mr. Pierce was a man of bad character, or was predisposed to commit these acts. It directed the jury to consider the evidence in relation to Mr. Pierce's state of mind. The evidence was admitted for a proper purpose, and the district court did not abuse its discretion in concluding that the evidence was not more unfairly prejudicial than probative.
 
 D
 
 20
 Mr. Pierce contends that the district court erred in declining to declare a mistrial when, during his opening statement, the prosecutor referred to sexual abuse not charged in the indictment. Our resolution of the assignment of error just addressed is dispositive of this contention as well.
 
 E
 
 21
 Mr. Pierce sought to introduce testimony by his sister that would have impeached the daughter's denial that she had penetrated herself anally and vaginally with a foreign object. The district court properly ruled the testimony inadmissible pursuant to Rule 412, Fed.R.Evid., which bars the introduction of evidence pertaining to a victim's past sexual behavior in prosecutions commenced, as this prosecution was, under 18 U.S.C. Chapter 109A.
 
 
 22
 Finding no merit in any of the defendant's assignments of error, we AFFIRM the conviction.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States Senior District Judge for the Eastern District of Michigan, sitting by designation