Filed 11/4/96

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DENISA WENTZ, aka Denisa Lobdell
Wentz, aka Denisa Lobdell, aka "Sis,"

Defendant-Appellant.

No. 96-8006
(D.C. No. 95-CR-72)
(D. Wyo.)

---

ORDER AND JUDGMENT[*]

---

Before BALDOCK and BRISCOE, Circuit Judges, and LUNGSTRUM,[**] District Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation.

this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Defendant Denisa Wentz appeals the sentence imposed by the district court following her plea of guilty to charges of transporting a minor for purposes of illegal sexual activity and aiding and abetting in violation of 18 U.S.C. §§ 2423, 2.  She was sentenced to thirty-six months' imprisonment, three years' supervised release, 250 hours of community service, and a $50.00 special assessment.

Ms. Wentz' sentence was enhanced pursuant to U.S.S.G. § 3B1.1(c).  Ms. Wentz contests that enhancement on the basis that the district court had to improperly consider the transported minor and other adults as participants in order to find any grounds for the § 3B1.1(c) enhancement.

We review the district court's findings of fact as to whether enhancement is warranted under § 3B1.1 for clear error.  United States v. Pelliere, 57 F.3d 936, 940 (10th Cir. 1995).  We review the district court's application of those facts to the guidelines de novo.  Id.

U.S.S.G. § 3B1.1(c) provides for an increase of two levels for a defendant who was "an organizer, leader, manager, or supervisor in any criminal activity" other than that described in sections (a) or (b) which address activities consisting of five or more participants or activities which were otherwise extensive.  A "participant" in a criminal activity is a "person who is criminally responsible for

the commission of the offense, but need not have been convicted. A person who is not criminally responsible for the commission of the offense . . . is not a participant." Id. comment (n.1).

Ms. Wentz asserts that she was the only possible participant unless the victims are considered. She contends that under United States v. Jarrett, 956 F.2d 864, 868 (8th Cir. 1992), victims may not be considered participants unless "they assisted in the unlawful transportation of others," a fact not present here. We need not resolve that issue. The district court found that two other individuals who were not victims, including Ms. Wentz' co-defendant who also pled guilty to the crime, were participants. That finding is supported by the record and is not clearly erroneous.

The judgment of the United States District Court for the District of Wyoming is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge
